### JOHN P. BAILEY V. KATIE YOUNG ET AL.

**1. JUDGMENT ABSOLUTELY VOID.**

C. and B. commenced an action against Y. and his wife to foreclose a chattel mortgage on a saw mill and appurtenances and prayed for an order of sale, but not for a personal judgment. Summons for Y. and his wife was issued on the plaintiff's petition, which was duly served. B. was made defendant to the action and after answer day had passed, he filed a cross petition against Y. and his wife, setting up a chattel mortgage in his favor executed by them on the same property, and asked an order of sale and a personal judgment against Y and his wife; no summons was issued on this cross-petition and the wife of Y. did not answer or in any manner waive process or enter her appearance; B. took a personal judgment against her which he now seeks to enforce against real estate which she conveyed after the date of said judgment. *Held:* The judgment is absolutely void and not merely voidable and it did not become a lien on the real estate owned by Mrs. Y.

**2. NOT NECESSARY IN ATTACKING TO SHOW DEFENSE.**

The answer and the proofs showing that the court had no jurisdiction over the person of Mrs, Y in order to render a valid judgment, are sufficient without disclosing that there is any defense to the claim upon which such judgment was rendered.

APPEAL.

PRICE, C. J.

The plaintiff, Bailey, alleges that at the May term of the court of common pleas of Putnam county for the year 1897, he recovered a judgment against defendant Katie Young and her husband, W. N. Young, for the sum of $752.00 debt and $5.00, the costs of the action, which judgment is wholly unsatisfied, and that neither of the defendants to said judgment has any goods, chattels, lands or tenements whereon execution can be levied, except lot 154 in the village of Kalida; that on May 24, 1897, that being the first day of the term at which said judgment was rendered, Katie Young owned this lot, and that the judgment of plaintiff then became and has ever since continued to be a lien thereon.

It is further averred that defendant, Elizabeth Buchannan, claims to have an interest in the lot, by reason of which plaintiff is unable to sell the same on execution; and from the facts disclosed on the trial, it appears that on February 28, 1899, Mrs. Buchannan purchased this lot

and received a conveyance therefor from Mrs. Young, and as such purchaser she claims the property.

The only interest set up by Bentler as clerk of the court, is a judgment for costs, which is not controverted. The plaintiff asks a decree marshaling liens and an order of sale of the premises to satisfy his judgment.

The answer of Mrs. Buchannan denies all the averments of the petition and sets out her ownership of the lot, which is the subject of controversy, since February 28, 1899.

The evidence shows that the judgment of the plaintiff was obtained on his cross-petition filed in the lower court in a suit there pending, wherein Cover and Bruon were plaintiffs and W. N. Young, Katie Young Jno. P. Bailey, the plaintiff here and other creditors of W. N. Young were defendants.

The substance of that case is, that Cover and Bruon held a chattel mortgage on a saw-mill, its fixtures and appurtenances, which mortgage had been executed to them by W. N. Young and Katie Young, to secure the payment of a certain sum due from them to Cover and Bruon, and an order of sale was asked but no personal judgment was prayed for. The lot in question was not mentioned or involved in that suit, which was commenced on January 30, 1897, and summons was issued on the petition of Cover and Bruon and it was served on W. N. and Katie Young and it required them to answer on or before February 27, 1897.

Katie Young did not answer or otherwise appear or defend. W. N. Young answered that his said wife was surety on the note to Cover and Bruon and had no interest in the mortgaged property. He made defense as to a portion of their claim.

On June 5, 1897, Bailey, the plaintiff in this case, filed his cross-petition setting up a note executed by W. N. and Katie Young to him, and that it was secured by a chattel mortgage on the same property covered by the chattel mortgage in favor of Cover and Bruon, and he prayed for a judgment on his note and sale of the mortgaged property. No summons on this cross-petition was issued for either Katie or W. N. Young, nor did Mrs. Young answer or in any way enter her appearance to the cross-petition at any stage of the case.

On June 26, 1897, Cover and Bruon took an order of sale of the mortgaged property, and at the same time Bailey took an order of sale on his cross-petition, and also the personal judgment against Katie Young which he now seeks to enforce against lot 154, which she then owned, but has since conveyed to Mrs. Buchannan:

Two questions arise on the foregoing undisputed facts.

1. Is the judgment in favor Bailey, taken without service of summons upon Katie Young and who did not enter appearance in that case, void, or merely voidable?

2. Can Mrs. Young or her grantee, Mrs. Buchannan, question or attack the validity of the judgment so obtained without setting up what, if any, defense existed against Bailey's claim, which was reduced to the judgment.

It is not necessary to repeat or dwell upon the merits of the old rule, that every party to a litigation or action in any degree affecting his rights, is entitled to his day in court. To afford this day in court, the law provides the means of giving notice of the pendency and purpose of the action, which must be followed, unless the party enters appearance which waives the service of the legal notice.

Bailey v. Young.

When Cover and Bruon filed their suit, they caused summons to issue and be served on W. H. and Katie Young, which required each of them to answer the petition on or before February 27, 1897, or it would be taken as true and judgment rendered accordingly. Mrs. Young was not apprised that any one else was asking any relief against her, and she did not desire to resist the claim of Cover and Bruon and made no defense thereto, and when answer day fixed by her summons, had come, if she searched the files of the case and the appearance docket, she would not have found any answer and cross-petition of Bailey on file, because it was not filed until June 5, 1897, and under such circumstances, she would be content to allow Cover and Bruon to have the relief they demanded, without contest on her part. She was no longer in court except as to the parties who brought her in, and the doors of the court were not open to any and all who might become cross-petitioners, to file their pleadings, and without process or appearance, take personal judgments against her. The subject matter of that action was the mortgaged personal property, and while Mrs. Young was in court as to any relief sought by the plaintiffs and as to any subsequent orders as to the amounts and priority of liens and an order of sale of the property, she was not in court as to a demand for personal judgment made in a cross-petition upon which no summons was issued and to which no appearance had been entered.

We think this position too plain to need further notice.

Bailey had no right to the judgment, and now is it void or merely voidable? If voidable only, then it is good against collateral attack, until reversed or modified, and it cannot be evaded by Mrs. Buchannan, who purchased the lot after the judgment had been rendered. But if the judgment is absolutely void it is of no force or effect, and may be so treated wherever it is met.

We do not hesitate to pronounce the Bailey judgment against Mrs. Young absolutely void, and if so, it never became a lien on lot 154 then owned by her, and, as a matter of course, is no lien now and cannot be enforced against Mrs. Buchannan, the present owner. The court of common pleas acquired no jurisdiction over Mrs. Young an the cross-petition of Bailey, and its judgment thereon was without jurisdiction and is a nullity; and it can be impeached and defeated whenever and wherever it is sought to be enforced.

The jurisdiction over defendants Young was acquired on the petition of Cover and Bruon, asking foreclosure of their chattel mortgage, and was limited to matters pertaining to the sale of the mortgaged property. The rights of Bailey could be no greater, as no service was made on his cross-petition, and to warrant a personal judgment, personal service must be had as the statute prescribes in actions for the recovery of money only.

See Wood and Pond v. Stanberry, 21 Ohio St., 142. In that case the court held : "In an action to foreclose a mortgage, a personal judgment against a non-resident defendant who has been served only by publication under sec. 70 of the code (S. & C., 964), upon a showing that the action was brought for the sale of real estate under a mortgage and that the defendant was a non-resident of the state, is absolutely void for want of jurisdiction over the person of the defendant; and a levy, under an execution issued thereon, upon the goods and chattels of such defendant, is wholly invalid as against a lien under a subsequent levy of an attachment in favor of other creditors of such judgment debtor."

The fact that publication was made for the non-resident party accomplished nothing, and could not be considered an attempt to obtain legal service. The judgment would have been just as good without as with the publication.

See also Spier v. Corll, 33 Ohio St., 236. The Supreme Court there held that:

"1. The jurisdiction of a court or tribunal entering a judgment in any particular case, may also be inquired into when such judgment is made the foundation of an action, either in a court of the state in which it was rendered, or of any other state.

"2. A personal judgment, rendered against one over whom the court has no jurisdiction, is wholly invalid."

And in Kingsborough v. Tousley, 56 Ohio St., 450, the same court held:

"1. In an action on a personal judgment, whether rendered by a court of this state or elsewhere, it is competent to plead and prove in defense, though it be in contradiction of the record, that the defendant was not served with process, nor jurisdiction of his person otherwise obtained by the court rendering the judgment."

"2. Such a defense is not within the rule which forbids the collateral impeachment of judgments, but is in the nature of a direct attack upon the judgment."

A party defendant to such judgment is not remitted to proceedings under secs. 5354 to 5360, Rev. Stat., inclusive, to open up, modify or vacate the judgment. Kingsborough v. Tousley, *supra*.

Hence, as has been done in this case, the party against whom a judgment has been pleaded as a lien on his real estate, may show in defense that the judgment is void for want of jurisdiction in the court rendering it.

Nor is the defendant in such case required to show that the judgment defendant had a defense to the claim upon which it was rendered. If Mrs. Young still owned the lot, she need not disclose such defense, and her grantee is not now required to do so. See Kingsborough v. Tousley, 56 Ohio St., 450, where this rule is laid down: "An answer in such case is not defective because it fails to state a defense to the cause of action on which the judgment is founded."

The same holding has been made by the same court in Green v. Street Railroad Co., 62 Ohio St., 67.

The judgment of Bailey being void, it is not a lien on lot 154 and his petition is dismissed at his costs.

*John P. Bailey*, for plaintiff.

*Watts & Moore*, for defendant.